UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIRK GUIDRY | CIVIL ACTION |
| VERSUS | NO: 15-1518 |
| GEICO GENERAL INSURANCE COMPANY, ET AL. | SECTION: R |

## ORDER AND REASONS

Defendant National Liability & Fire Insurance Company ("National") moves for summary judgment on plaintiff's claims for uninsured motorist ("UM") benefits in relation to policy number 73 APS 050064. The Court GRANTS the motion because the policyholder waived UM coverage and the waiver is valid and enforceable under Louisiana law.

### I.   BACKGROUND

This case arises out of an October 17, 2014 car accident involving plaintiff and another motorist, Kenneth Brown.[1] On December 18, 2014, plaintiff filed suit in the Civil District Court for the Parish of Orleans against Brown and his insurer, Geico General Insurance Company ("Geico"), as well as National, which issued an automobile insurance policy to plaintiff's

---

[1] R. Doc. 1-1.

employer, Luxe Limousine, LLC ("Luxe").[2] On February 19, 2015, the state court dismissed plaintiff's claims against Brown and Geico with prejudice, leaving National as the only defendant in this case.[3] Plaintiff alleges that National owes him UM coverage under Luxe's policy and seeks payment of benefits.[4]

On May 7, 2015, National removed the case to this Court on the basis of diversity jurisdiction.[5] National then filed a motion for summary judgment.[6] Citing a waiver of UM coverage that Guillermo Lizardo signed on behalf of Luxe, National contends that it does not owe plaintiff UM coverage and that it is entitled to judgment as a matter of law.[7] Plaintiff does not dispute that Luxe executed a UM waiver form.[8] He argues, however, that because the form

---

[2] *Id.*; *see also* R. Doc. 9 at 1 (plaintiff's opposition to National's motion for summary judgment, noting that Luxe Limousine, LCC is plaintiff's employer).

[3] R. Doc. 1-2.

[4] R. Doc. 1-1 at 4.

[5] R. Doc. 1.

[6] R. Doc. 8.

[7] *Id.* at 3.

[8] R. Doc. 9 at 2-3.

was signed without a policy number, Luxe's waiver of UM coverage was "ambiguous" and unlawful.[9]

## II.  LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

---

[9] *Id.*

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991).  The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.  *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith ex rel. Isquith v. Middle South Utils.*, Inc., 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

## III.  DISCUSSION

National contends that Luxe's waiver of UM coverage bars recovery by plaintiff.[10] Plaintiff argues that the waiver was "ambiguous" and therefore unlawful.[11] Thus, the central issue is whether the waiver form that Luxe executed is valid and enforceable under Louisiana law.

"Louisiana statutes and jurisprudence evince a strong public policy in favor of UM coverage." *Hotard v. State Farm Fire and Cas. Co.*, 286 F.3d 814, 819 (5th Cir. 2002). The Supreme Court of Louisiana has held that the statute addressing UM coverage, Louisiana Revised Statute 22:1295, is to be "liberally construed" and that "UM coverage will be read into an insurance policy unless validly rejected." *Gray v. Am. Nat. Prop. & Cas. Co.*, 977 So. 2d 839, 845 (La. 2008). Nonetheless, an insurance policy will not be construed as providing UM coverage if any insured named in the policy rejects coverage in the manner provided by law. La. Stat. Ann. § 22:1295(1)(a)(i). Louisiana Revised Statute 22:1295, provides that a rejection of UM coverage must be made "on a form prescribed by the commissioner of insurance." § 22:1295(1)(a)(ii). It further provides that "[a] properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage." *Id.*

---

[10] R. Doc. 8-3 at 3.

[11] R. Doc. 9 at 2-3.

5

The Supreme Court of Louisiana has held that Louisiana Revised Statute 22:1295 vests the commissioner of insurance with authority to determine the requirements of a valid UM waiver. In *Duncan v. U.S.A.A. Insurance Company*, an insured purported to waive UM coverage on the form that the commissioner had prescribed, but one of the blanks on the form, which called for the insurance policy number, was not filled in. 950 So. 2d 544, 549 (La. 2006). The insurer argued that the waiver was nonetheless valid because the UM statute requires only that the waiver be made on "a form prescribed by the commissioner," not that the form be completed in its entirety. *Id.* at 551. The court rejected this argument, reasoning that "[i]n directing the commissioner of insurance to prescribe a form, the legislature gave the commissioner the authority to determine what the form would require." *Id.* at 552. Because the commissioner's then-existing regulations mandated that the form include the policy number, the court held that the UM waiver was invalid. *Id.* at 554.

The court returned to this issue in *Carter v. State Farm Mutual Automobile Insurance Company*, reiterating the primacy of the commissioner's forms and regulations. 964 So. 2d 375, 376 (La. 2007). There, an insured executed a UM waiver form before the insurer had generated a policy number. *Id.* The court noted that *Duncan* invalidated a UM waiver for failure to include the policy number but concluded that *Duncan* was "factually

6

distinguishable." *Id.* Because "the Commissioner of Insurance's regulations specifically allow omission of the policy number if it does not exist at the time the UM waiver form is completed," the Court held that the UM waiver was valid and lawful. *Id.*; *see also Gray*, 977 So. 2d at 845 n.5 (concluding that, consistent with the commissioner's regulations, when the waiver is completed before the policy number exists, the number need not be included). Together, these cases illustrate that Louisiana's UM statute requires waivers to conform to the commissioner of insurance's forms and regulations, not any set of judicially-crafted rules. *See Clark v. Savoy*, 2014-0308, 2014 WL 5305887, *3 (La. App. 1 Cir. 2014), *writ denied*, 2014-2388 (La. 2015) (interpreting *Duncan* "to require compliance with the Commissioner's current regulations and forms," not the specific "tasks set forth in *Duncan*").

Since *Duncan* and *Carter* were decided, the commissioner of insurance has modified its waiver form and regulations. On August 29, 2008, the commissioner issued Louisiana Department of Insurance Bulletin No. 08-02, in order to "issue a revised UM form" and to clarify "what constitutes a properly completed form [and] what information must be included. . . ." *See*

7

Louisiana Department of Insurance, Bulletin No. 08-02 (Aug. 29, 2008).[12]

Under the heading "Important Form Changes," the Bulletin provides:

> The revised UM form includes two boxes on the lower right hand corner of the form. . . . The upper box contains an area that the insurer <u>may</u> use for policy information purposes (e.g. policy number, binder number number [sic.], application number, etc.). This box does not need to be filled in for the form to be properly completed. . . .

*Id.* (emphasis in original). Thus, under the commissioner's current regulations, the policy number is optional; the number need not be present in order for a UM waiver form to be valid. *See Chicas v. Doe*, 166 So. 3d 238 (La. 2015) (noting that "in light of [Bulletin 08-02], the absence of a blank box for the policy number does not create a question of fact concerning the form's validity"); *Clark*, 2014 WL 5305887, *3 ("With the publication of LDOI Bulletin 08–02, the Commissioner no longer requires that the policy number be present on the UM selection form for the form to be considered valid."). Instead, an UM waiver form is valid if it contains: (1) "[the insured's] signature"; (2) "his/her printed name to identify his/her signature"; (3) "the date the form is completed"; and (4) "initials to select/reject UMBI coverage prior to signing the form." Louisiana Department of Insurance, Bulletin No.

---

[12] National Fire submitted a certified copy of Bulletin No. 08-02 as exhibit six to its motion for summary judgment. *See* R. Doc. 8-9.

08-02 (Aug. 29, 2008). Under the Bulletin's terms, these rules apply to all UM coverage waivers executed "[o]n or after January 1, 2010." *Id.*

Here, Lizardo executed a UM waiver form on behalf of Luxe on July 17, 2014, well after Bulletin 08-02's effective date. Although the form does not contain the optional policy number, it has all of the requirements of a valid waiver under the commissioner of insurance's regulations. Specifically, the form contains Lizardo's printed name and signature, the date on which the form was signed, and Lizardo's initials beside a line that states : "I do not want UMBI Coverage. I understand that I will not be compensated through UMBI coverage for losses arising from an accident caused by an uninsured/underinsured motorist."[13] Thus, the form is valid and enforceable under Louisiana law.

Plaintiff admits that Luxe's waiver satisfies the commissioner's regulations but argues that the waiver is nonetheless "ambiguous" and unlawful. Plaintiff argues that unless the form contains a policy number, "it is impossible for an insured to determine which policy is being limited." This argument fails for two reasons. First, while plaintiff argues in general terms about alleged deficiencies in the commissioner's form, he has offered no

---

[13] R. Doc. 8-6.

evidence demonstrating that the insured in this case, Luxe, misunderstood the scope of its insurance coverage. Thus, plaintiff's allegation that the UM waiver is "ambiguous" is conclusory and without factual support. Second, plaintiff ignores the UM statute's delegation of regulatory authority. As noted, Louisiana Revised Statute 22:1295 vests the commissioner of insurance with the authority to "prescribe[]" the requirements of a valid waiver form. La. Rev. Stat. § 22:1295. Plaintiff has not cited, and the Court has not found, any case in which Louisiana courts have invalidated the commissioner's regulations or supplemented the commissioner's form with additional requirements.[14] On the contrary, Louisiana courts have consistently applied the commissioner's forms and regulations as written, including prior regulations that allowed insurers to omit the policy number in certain situations. *See e.g.*, *Gray*, 977 So. 2d at 845 n.5 (adopting the commissioner's rule allowing omission of the policy number if it does not exist at the time the UM waiver form is completed); *Carter*, 964 So. 2d at 376 (same).

---

[14] The two cases that plaintiff does cite, *Tugwell v. State Farm Ins. Co.*, 609 So.2d 195 (La. 1992), and *Degruise v. Houma Career Newspaper Corp.*, 657 So.2d 580, 588 (La. App. 1 Cir. 1995), are both distinguishable because both pre-date the current UM statute, which mandates that the commissioner create a uniform UM waiver form to be used by all insurers. *See Duncan*, 950 So.2d at 548 (noting that "[i]n 1997, the legislature recognized the problems inherent in allowing the insurers to design their own UM forms and amended" the law to require use of a form "prescribed by the commissioner of insurance").

Here, the commissioner exercised his authority under the UM statute by prescribing a UM waiver form. National provided the prescribed form to the insured, Luxe, which completed it in compliance with the commissioner's regulations. Thus, the waiver is valid, and National is entitled to a presumption under Louisiana Revised Statute 12:1295(1)(a)(ii) that Luxe knowingly waived UM coverage. Because plaintiff has produced no evidence to rebut this presumption, there is no dispute of material fact, and National is entitled to judgment as a matter of law.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment. Plaintiff's claims against National under policy number 73 APS 050064 are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this <u>16th</u> day of December, 2015.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE